# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 97-50472
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO NOVOA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(EP-93-CR-420-5)

September 16, 1998

Before POLITZ, Chief Judge, DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]

Fernando Novoa appeals the sentence imposed following our remand.[1]  He contends that the district court erred by failing to conduct a *de novo* resentencing hearing and in overruling, without explanation, his objections to the findings of the revised Pretrial Investigation Report.  In addition he asserts that the district court erred in refusing a downward adjustment, despite his involvement as only a minor or minimal participant in the check-kiting scheme for which he was convicted.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] **United States v. Jobe**, 101 F.3d 1046 (5th Cir. 1996).

Novoa's contention that the district court should have conducted a *de novo* hearing upon resentencing is moot because the district court specifically considered and rejected his claimed entitlement to a downward adjustment based on his asserted minor or minimal participation in the check-kiting scheme. Further, considering the narrow scope of our remand, the district court did not err in declining to hold a *de novo* resentencing hearing.[2] As relates to the claimed errors in the PSR, in light of the fact that the district court did not impose an upward adjustment for Novoa's managerial responsibility over the assets of the scheme, the allegedly erroneous information in the PSR obviously did not affect the sentence.[3] Finally, Novoa's claim that he is entitled to a downward adjustment for his minor role in the illegal scheme is beyond the scope of our narrowly-drawn remand in the prior appeal.[4]

AFFIRMED.

---

[2] **United States v. Marmolejo**, 139 F.3d 528 (5th Cir. 1998), petition for cert. filed, (U.S. July 20, 1998) (No. 98-5372).

[3] **United States v. Sparks**, 2 F.3d 574 (5th Cir. 1993); Fed.R.Crim.P. 32(c)(1).

[4] **Marmolejo**, 139 F.3d at 531.